UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROGER CAIN, an individual,

    Plaintiff,

v.                                                       Case No. 3:23-cv-790-TJC-PDB

LOWES HOME CENTERS, LLC, a
foreign limited liability company,

    Defendant.

## **O R D E R**

    This slip-and-fall case is before the Court on Defendant's jurisdictional supplement. (Doc. 11). Defendant removed the case based on diversity jurisdiction (Doc. 1 ¶ 8) and the Court directed Defendant to supplement its citizenship and amount in controversy allegations (Doc. 6). Defendant has adequately alleged that the parties are diverse. See (Doc. 11 at 1–2). However, Defendant has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. See Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

    Defendant's evidence of the amount in controversy includes (1) Plaintiff's unsupported request for attorneys' fees, (2) Plaintiff's broad allegations regarding the nature of Plaintiff's injuries, (3) $28,430.79 in incurred medical expenses, (4) the fact that Plaintiff had a surgery on his wrist, (5) Plaintiff's

continuing medical treatment, and (6) Plaintiff's civil cover sheet. (Doc. 11 at 3–4); see also (Docs. 11-5, 11-6).

"Although generally excluded from the calculation, '[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy.'" Scott v. Walmart, Inc., 528 F. Supp. 3d 1267, 1278 (M.D. Fla. 2021) (quoting Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000)). Plaintiff has not alleged any entitlement to attorneys' fees in the complaint; thus, the Court will not consider any attorneys' fees in determining the amount in controversy. Incurred medical expenses are strong evidence of the amount in controversy, see S. Fla. Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1317–18 (11th Cir. 2014), but Defendant has not offered any evidence regarding the cost of Plaintiff's surgery, Plaintiff's future medical expenses, or the nature of Plaintiff's future medical treatment. Finally, civil cover sheets are used for "data collection and clerical processing purposes only," Bell v. Ace Ins. Co. of the Midwest, No. 2:20-CV-309-JLB-NPM, 2020 WL 7396934, at *3 (M.D. Fla. Dec. 17, 2020) (citing Fla. R. Civ. P. Form 1.997), and are not indicative of the amount in controversy absent additional facts.[1] See Durshimer v. LM Gen. Ins. Co., No. 8:20-CV-2014-T-33AEP, 2020

---

[1] The Court acknowledges that Judge Davis in Seaman v. Holiday CVS, LLC, held that the amount in controversy was satisfied where the evidence presented included a civil cover sheet indicating that the amount in controversy exceeds $100,000 and broad allegations that the plaintiff's injuries were

2

WL 5366721, at *2 (M.D. Fla. Sept. 8, 2020); Potter v. Coastal Auto. Reconditioning, LLC, No. 3:21-CV-461-MMH-MCR, 2021 WL 2103073, at *2 (M.D. Fla. May 25, 2021).

Defendant has not provided enough evidence to bridge the over $46,000 gap between Plaintiff's past medical expenses and the $75,000 threshold. Defendant has not met its burden to show that the Court has jurisdiction over this case. Accordingly, it is hereby

**ORDERED:**

1. The case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida.

2. After remand has been effected, the Clerk shall terminate any pending motions or deadlines and close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 10th day of August, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

ckm
Copies:
Counsel of record
Clerk, Fourth Judicial Circuit, Duval County

---

"permanent or continuing." (Doc. 21, 3:22-cv-76-BJD-PDB (M.D. Fla. 2022)). In this case, the medical expenses, broad allegations, and the civil cover sheet are insufficient to ascertain the amount in controversy.